UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CALVIN BERNARD COCHRAN,

              Petitioner,
vs.                              Case No. 2:08-cv-531-FtM-33SPC

UNITED STATES OF AMERICA,

              Respondent.
_____/

**ORDER**

This matter comes before the Court pursuant to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. # 1) and supporting memorandum (Doc. # 2), both signed by Petitioner on June 26, 2008 and filed on July 3, 2008.[1]

For the reasons that follow, this Court denies Petitioner's Section 2255 Motion as untimely.

**I.  Background**

This case was initiated on March 3, 2005, via a one-count indictment charging that Petitioner, a convicted felon, did

---

[1] Pursuant to Rule 8(a) of the Rules Governing Section 2255 Proceedings, this Court has determined that an evidentiary hearing is not necessary for the adjudication of this Section 2255 Motion. No hearing is required when the record establishes conclusively that a Section 2255 motion lacks merit. United States v. Lagrone, 727 F.2d 1037, 1038 (11th Cir. 1984). Likewise, no response from the government was required in this case as the Section 2255 Motion lacks merit. In United States v. Bascomb, 451 F.3d 1292, 1294 (11th Cir. 2006), the court made clear that the government was not required to file an appellate brief when a defendant executed a valid sentence appeal wavier: "[R]equiring the government to file a brief where there has been a valid appeal waiver undermines the interests of both the government and defendants generally." In this case, the Court finds it similarly unnecessary for the government to respond to Petitioner's Section 2255 Motion.

knowingly possess a firearm in violation of Title 18 U.S.C. § 922(g)(1) and 924(e) (Criminal Doc. # 1).[2]

On September 19, 2005, Petitioner entered a plea of guilty to the single charge of the indictment pursuant to a written plea agreement before the Honorable Sheri Polster Chappell. (Criminal Doc. ## 24, 30).  The undersigned accepted Petitioner's plea of guilty on September 22, 2005. (Criminal Doc. # 32).  On December 21, 2005, Petitioner was sentenced to 211 months imprisonment (to run concurrently with a state court sentence), 60 months of supervised release, and a special assessment of $100. (Criminal Doc. # 37).  Judgment reflecting the sentence was entered on December 29, 2005. (Criminal Doc. # 39).

## II.  Appellate Proceedings

On January 13, 2006, Petitioner filed a direct appeal of his sentence (Criminal Doc. # 40).  On September 26, 2006, the Eleventh Circuit affirmed the judgment against Petitioner and issued its opinion as a mandate on February 9, 2007. (Criminal Doc. # 49). The Eleventh Circuit dismissed Petitioner's appeal of his 211 month sentence as to count one of the superseding indictment based on the valid appeal waiver found in the plea agreement signed by Petitioner in this case.  Specifically, the Eleventh Circuit explained:

---

[2] All references to the Criminal Docket are to Case number 2:05-cr-23-J-33SPC.

>We review the validity of an appeal waiver provision of a plea agreement de novo. United States v. Weaver, 275 F.3d 1320, 1333 n. 21 (11th Cir. 2001). An appeal waiver is valid if it was entered into knowingly and voluntarily United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). For an appeal waiver to be enforced, the government must show that either: (1) the court specifically questioned the defendant concerning the sentence appeal waiver during the plea hearing, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver. Id. at 1351. "A waiver of the right to appeal includes a waiver of the right to appeal difficult or debatable legal issues -- indeed, it includes a waiver of the right to appeal blatant error." United States v. Howle, 166 F.3d 1166, 1169 (11th Cir. 1999). The sentence appeal waiver in Cochran's plea agreement precludes us from considering the issue. Cochran challenges his sentence on the ground that the court did not properly adjust it for the time he served on his state conviction as required by U.S.S.G. § 5G1.3(b). Cochran waived all challenges to his sentence except for challenges that the sentence (1) exceeded the applicable guidelines range; (2) exceeded the maximum statutory penalty; (3) or violated the Eighth Amendment of the Constitution. The court questioned Cochran about the waiver in his plea agreement and Cochran stated that he understood it. Cochran does not challenge his sentence on Eighth Amendment grounds. Cochran's argument that he is only challenging the court's judgment is meritless. His appeal directly challenges the court's application of sentencing guidelines provisions as to the length of his federal sentence, and is therefore a challenge to his sentence. Accordingly, Cochran waived his argument concerning the Court's application of U.S.S.G. § 5G1.3(b). We conclude the government did not breach the plea agreement, and the sentence appeal waiver in [the] plea agreement precludes us from considering the application of U.S.S.G. § 5G1.3(b).

(Criminal Doc. # 49 at 14-16).

The Eleventh Circuit's analysis dictates the outcome of the present Section 2255 Motion.

**III. Petitioner's Section 2255 Motion**

Petitioner filed his Section 2255 Motion on July 3, 2008. Petitioner summarizes his grounds for relief as follows:

> Mr. Cochran claims that his sentence is unconstitutional because it is both the result of trial counsel's ineffective assistance and a plea agreement signed by him (Mr. Cochran) that was not "knowing, intelligent, and voluntary" due to the fact that he did not have a "reasonable understanding" of the agreement due, principally, to trial counsel's ineffectiveness. Mr. Cochran respectfully asks this Honorable Court to vacate his sentence and resentence him within the parameters of what he reasonably understood the plea agreement actually meant; i.e., that his sentence would be at the low-end of the guideline range.

(Doc. # 2 at 2).

Petitioner openly acknowledges in this Section 2255 Motion and supporting document that his Section 2255 Motion is untimely. Petitioner states, "under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the instant Section 2255 motion is <u>not timely</u> (i.e. not within the AEDPA's one-year time period). But, as Mr. Cochran will show . . he should not be time-barred under the ADEPA [sic] due to 'excusable neglect' and 'cause and prejudice' established by trial and appellate counsel's ineffectiveness." (Doc. # 2 at 1)(emphasis in original).

**IV. Analysis**

On April 24, 1996, a substantial amendment to 28 U.S.C. § 2255 became effective. That amendment, § 105 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, established a one-year "period of limitation" for

-4-

filing motions under 28 U.S.C. § 2255, to run from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date any unconstitutional government impediment, if any, precluding the movant from making a motion is removed; (3) the date on which the right asserted was initially recognized by the United States Supreme Court; or (4) the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255, as amended by Pub. L. No. 104-132, Title 1, § 105 (April 24, 1996).

For final judgments entered after the April 24, 1996, effective date of the AEDPA, the statute of limitations begins to run on the date the district court's judgment of conviction becomes final.  In this case, it is not disputed that Petitioner's Section 2255 motion was not filed within this time period.  The issue to be addressed is whether Petitioner's tardy motion should be considered under the exceptions enumerated in the AEDPA (namely, an unconstitutional government impediment precluding the movant from making a motion or the discovery of new facts).

Petitioner argues that his Section 2255 Motion should be considered timely for two reasons.  First, Petitioner contends that "through trial counsel's ineffectiveness, . . . he did not 'knowingly,' 'intelligently' and voluntarily waive his right to appeal his sentence or to challenge it collaterally." (Doc. # 2 at 8).  In support of this argument, Petitioner adds, "Trial counsel

did not explain to Mr. Cochran the implications of waiving his right to appeal; neither did the Court." (Doc. # 2 at 8).

Second, Petitioner argues that this Court should accept his Section 2255 Motion as timely because "the plea agreement was not made in good faith by the government." (Doc. # 2 at 9). He asserts that the plea agreement was "counterfeit" and that "the government's use of trickery, sleight-of-hand tactics and double-cross maneuvering egregiously undermined the judicial process in this instance and hoodwinked Mr. Cochran into a plea agreement that the government had absolutely no intention of honoring." (Doc.# 2 at 9-10). Essentially, Petitioner claims that the government breached the plea agreement as follows: "The government led Mr. Cochran to believe that it would not oppose a sentence at the low end of the guidelines while all the time knowing that it would present relevant conduct facts to the court that would obligate the court to pass a sentence much higher than the low end of the guideline range." (Doc. # 2 at 9).

Both of Petitioner's arguments must fail.  In its lengthy and detailed order, the Eleventh Circuit evaluated Petitioner's guilty plea and the sentence appeal waiver: "At his change-of-plea hearing, Cochran stated that he read and understood the plea agreement before signing it. . . . The magistrate judge reviewed the terms and consequences of the sentence appeal waiver in the plea agreement, and Cochran stated that he understood them." (Doc.

# 49 at 6). The Eleventh Circuit found Cochran's sentence appeal waiver to be valid.

Furthermore, the Eleventh Circuit evaluated Petitioner's claim that the government breached the plea agreement and determined, "In this case, the government did not breach the plea agreement. Cochran reasonably understood the agreement to require the government not to oppose a sentence at the law end of the guidelines range, and not to take a position contrary to that requirement." (Doc. # 49 at 12).[3]

The law of the case doctrine precludes this Court from accepting Petitioner's arguments -- that his guilty plea and appeal waiver were not voluntary and that the government breached the plea agreement -- because the Eleventh Circuit addressed both of these arguments and ruled against Petitioner on both issues. See United States v. Jordan, 429 F.3d 1032, 1035 (11th Cir. 2005)("The law of the case doctrine bars relitigation of issues that were decided, either explicitly or by necessary implication, in an earlier appeal of the same case."); United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000)("Once a matter has been decided adversely to a defendant on direct appeal, it cannot be re-litigated in a collateral attack under section 2255."); Olmstead v. United States, 55 F.3d 316, 319 (7th Cir. 1995)(Section 2255 motion is "neither a

---

[3] The Eleventh Circuit provided detailed analysis directly resolving the issues Petitioner now raises regarding his plea deal with the government. See (Doc. # 49 at 12-13).

recapitulation of nor a substitute" for direct appeal; absent changed circumstances of fact or law, court will not reconsider an issue decided on direct appeal.).

Petitioner did not file his Section 2255 Motion within one year of the judgment in this case becoming final. In addition, Petitioner has failed to demonstrate that an unconstitutional government impediment precluded him from filing his motion. Further, Petitioner has not demonstrated that new facts supporting his claims were recently discovered. Petitioner's Section 2255 Motion is denied as untimely.[4]

Accordingly, it is

**ORDERED ADJUDGED and DECREED**:

1. Petitioner's Motion to Vacate, Set Aside or, Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc. ## 1, 2) is **DENIED**.

---

[4] This Court has construed Petitioner's pro se motion liberally. Petitioner has not specifically requested equitable tolling; however, this Court has considered the issue in light of Petitioner's admittedly untimely filing. As stated in Sanchez v. United States, 170 Fed. App'x 643 (11th Cir. 2006), "the one-year statute of limitations period [of the AEDPA] may be equitably tolled 'when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence.'" Id. at 646 (citing Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999)). The remedy of equitable tolling is extraordinary, and federal courts apply it very sparingly. See Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000). In order for the remedy of equitable tolling to be applied, Petitioner must establish: (1) extraordinary circumstances, and (2) due diligence. See Outler v. United States, 485 F.3d 1273, 1280 (11th Cir. 2007). Petitioner has not asserted extraordinary circumstances as required to qualify for equitable tolling under Outler and other controlling case law.

2.  The Clerk is directed to terminate any pending motions or deadlines, to close the case, and to enter judgment accordingly in case 2:08-cv-531-J-33MCR.

3.  The Clerk is directed to file this Order in the corresponding criminal case of 2:05-cr-23-J-33SPC.

**DONE** and **ORDERED** in Jacksonville, Florida, this <u>17th</u> day of July, 2008.

> VIRGINIA M. HERNANDEZ COVINGTON
> UNITED STATES DISTRICT JUDGE

Copies to:
Petitioner
AUSA